FILED
LOIS ROGERS
DISTRICT CLERK
114-1505-06



COPY

| STATE OF TEXAS | 2015 JUL 15 PM 2: 45 § | IN THE 114th DISTRICT |
|---|---|---|
| vs. | SMITH COUNTY, TEXAS § BY_____ DEPUTY § | COURT OF |
| CLIFTON WILLIAMS | § | SMITH COUNTY, TEXAS |

RECEIVED
COURT OF CRIMINAL APPEALS
7/15/2015
ABEL ACOSTA, CLERK

## AMENDED MOTION FOR EMERGENCY STAY

This Motion is filed pursuant to Texas Code of Criminal Procedure Article 43.141(d) (West 20914). A convicting court may modify or withdraw the order of the court setting a date for execution in a death penalty case if the court determines that additional proceedings are necessary on a subsequent application for a writ of habeas corpus filed under Article 11.071. TEX CODE CRIM. PROC. ANN. art. 43.141(d)(1) (West 2014).

### A. CASE HISTORY

Clifton Williams was convicted by a jury for the for the offense of capital murder in Smith County on October 13, 2006. The conviction was affirmed by the Court of Criminal Appeals on November 27. 2008. Williams v. State, 270 S.W.3d 112 (Tex. Crim. App. 2008). The first state writ of habeas corpus was denied without written opinion by the Court of Criminal Appeals. Ex parte Williams, No. WR-296-01, 2009 Tex. Crim. App. Unpub. LEXIS 206 (Tex. Crim. App. 2009).

The federal writ of habeas corpus was filed alleging eight issues. Each

claim was denied bvy the district court. <u>Williams v. Thaler</u>, No. 1:09CV271, 2013 U.S. Dist. LEXIS 43187, EDTX March 26, 2013. This was affirmed by the Court of Appeals. <u>Williams v. Thaler</u>, 761 F. 3d 561 (5ᵗʰ Cir. 2014), *cert. denied*, __ U.S. __, 135 S. Ct. 1735, 1914 L. Ed. 2d 706 (April 6, 2015).

On June 11, 2015, this Court entered an order setting the date of execution as July 16, 2015.

## B. REASON FOR STAY

On July 15, 2015 Counsel was notified by the Texas Attorney General's Office, Mr. Ed Williams and Ms. Fredericka Sargeant by phone that they received notice from the Texas Department of Public Safety which affects this case. The letter from the Department of Public Safety, attached as Exhibit A and incorporated for all purposes, is dated June 30, 2015. This is a general disclosure letter and provides no meaningful information as to what errors were made and specifically how they affect the analysis of this case.

During trial, Mr. James Nickels testified from the Department of Public Safety regarding the statistics and also Cassie Johnson testified from Orchid-Cellmark. While it is believed that both witnesses used these incorrect FBI population database, what is not clear is what affect the errors by the FBI had on their analysis. The letter from the Department of Public Safety states that if requested in writing, the results will be recalculated.

This disclosure one day prior to the scheduled execution date raises serious issues as to proper notice and due process. The fact that this information was known to the Department of Public Safety and held for a period of time, then disclosed by the Attorney General's Office one day prior to execution denies Mr. Williams due process of law under the United States Constitution and due course of law under the Texas Constitution.

This disclosure the day before the scheduled execution date places counsel, and this Court in an untenable position. This Court did not participate in the trial of this case, and has no recollection of the testimony or other evidence. Counsel was appointed for purposes of a clemency petition and does not have the detailed knowledge of the record necessary to file a subsequent writ under Article 11.071 §5(a)(1-3). A sixty day stay of execution would allow counsel or approved writ counsel to investigate whether or not a subsequent writ application is proper.

The Texas Legislature has recently enacted SB 1071 which amends Article 43.141 requiring notice of the setting of an execution date to the last counsel and the Office of Capital Writs; and that an execution date cannot be set earlier than the 91st day following the entry of the order setting the execution date. That 90 day period allows counsel the opportunity to verify and rule out or urge these issues. The 90 day window was not used by the trial court in this case. While that statute does not take effect until September 1, 2015, it is clear the

Legislature and Governor recognize the seriousness of these issues and the importance of due process of law.

Undersigned counsel realizes that the court must make a finding by a preponderance of evidence that but for this Constitutional violation a jury would not have convicted Mr. Williams of the offense by a preponderance of evidence, or by clear and convincing evidence that no rational juror would have answered one or more of the special issues. With this disclosure at this date, there is no way for any counsel to state what effect this error had in this case. A stay is required to allow counsel the opportunity to review the record in this case and properly investigate the effect of the errors.

## C. CONCLUSION

Mr. Williams seeks a stay of at least 60 days for counsel to be appointed pursuant to Article 11.071 of the Texas Code of Criminal Procedure to fully investigate this disclosure and any other remedy to which he might be entitled to at law.

Respectfully submitted,

Law Office of James W. Huggler, Jr.
100 E. Ferguson, Suite 805
Tyler, Texas 75702
Tel: (903) 593-2400
Fax: (903) 593-3830

By: _____
James W. Huggler, Jr.
State Bar No. 00795437
Attorney for Clifton Lamar Williams

## CERTIFICATE OF SERVICE

This is to certify that on the 15th of July, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office of Smith County, 100 North Broadway Ave., 4th Floor, Smith County Courthouse, Texas, Texas 75702, by hand delivery, fax, or mail.

_____
James W. Huggler, Jr.

## CERTIFICATE OF CONFERENCE

I certify that on July 15, 2015 I spoke with Assistant District Attorney Mike West who informed me that the Smith County District Attorney's Office opposes a stay being granted in this case.

_____
James W. Huggler, Jr.

EXHIBIT A
Texas Department of Public Safety
Letter dated June 30, 2015

# TEXAS DEPARTMENT OF PUBLIC SAFETY

**5805 N LAMAR BLVD • BOX 4087 • AUSTIN, TEXAS 78773-0001**
**512/424-2000**
www.dps.texas.gov





STEVEN C. McCRAW
DIRECTOR
DAVID G. BAKER
ROBERT J. BODISCH, SR.
DEPUTY DIRECTORS

COMMISSION
A CYNTHIA LEON, CHAIR
MANNY FLORES
FAITH JOHNSON
STEVEN P. MACH
RANDY WATSON

June 30, 2015

The Texas Department of Public Safety Crime Laboratory system was informed by the Federal Bureau of Investigation in May 2015 of errors in the FBI-developed population database. This database has been used by the Texas DPS Crime Laboratory system as well as many other crime laboratories across the country for calculating match statistics in criminal investigations and other types of human identification applications since 1999.

Upon notification, the forensic DNA community immediately began corrective action. During implementation of corrective measures, minor discrepancies were discovered in additional data used exclusively by the Texas Department of Public Safety. All of the errors have been corrected and the changes have empirically demonstrated minimal impact on the calculations used to determine the significance of an association. **Further, the database corrections have no impact on the inclusion or exclusion of victims or defendants in any result.**

If requested in writing, the Texas DPS Crime Laboratory System will recalculate and report statistics previously reported in individual cases.

If you have any questions, please contact your local crime laboratory.

Brady W Mills
Deputy Assistant Director
Law Enforcement Support
Crime Laboratory Service